NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3043

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Diane King, of Deatsville, Alabama, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3043

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070136-I-1.

_____

DECIDED: May 6, 2008

_____

Before NEWMAN, MAYER and SCHALL, Circuit Judges.

PER CURIAM.

Diane King appeals the final order of the Merit Systems Protection Board denying her petition for review of the initial decision affirming the Department of Veterans' Affairs ("agency") action in removing her from the position of Medical Technologist, GS-9, on the following two charges: (1) copying and removing confidential medical records, and (2) altering a patient's medical records a month after his death by eliminating a notation and adding a personal opinion regarding alleged specimen mishandling. King v. Dept. of Veterans Affairs, No. AT-0752-07-0136-I-1 (M.S.P.B. Oct. 9, 2007). The board concluded that there was no new, previously unavailable, evidence

and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

King was removed from her position as a Medical Technologist at the Central Alabama Veterans Health Care System in Montgomery, Alabama, on October 18, 2006. In February, 2005, she heard from her supervisor that a medical lab technologist had found yeast cells present in a spinal fluid sample that was refrigerated overnight without nutrient added to it, and that this sample was used on a patient who died a few days later. She concluded that the sample was mishandled and may have been a factor in the patient's death, and reported the incident to the agency's director, who confirmed that an inquiry into the matter would follow. Before receiving the results of the agency's inquiry, she altered the patient's microbiology worksheet about a month after the patient's death, took copies home, and faxed them to the Joint Commission on Hospital Operations and to the Office of Special Counsel ("OSC") as part of a complaint. The board found that she eliminated an entry on the worksheet dated February 18, "No growth 7 days" and added the entry "3/17/05 Dr. Vacchani not informed specimen mishandled." The agency removed her from service on charges of (1) copying and removing confidential medical records; (2) failing to follow policy regarding rejection of unacceptable specimens; (3) failing to follow procedures for reporting problems that could potentially interfere with patient care; and (4) failing to follow procedures for making entries to patient records. The board sustained the agency's charges (1) and (4), and affirmed the removal action.

On appeal, King asserts that the board erred in affirming the agency action because the termination was a prohibited personnel practice. She reiterates her status

as a whistleblower, argues that the microbiology worksheet is not a medical record, and that the Whistleblower Protection Act ("WPA") protects her disclosures to OSC.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Under the WPA, employees with the authority to take personnel actions are forbidden to do so as a result of any disclosure of information by an employee that the employee reasonably believes evidences (1) a violation of law, rule, or regulation, or (2) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). The board must order corrective action if an employee proves that a disclosure under section 2302(b)(8) contributed to an adverse personnel action, unless the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. See id. § 1221(e)(1), (2).

The board found, and the parties do not dispute, that King made protected disclosures, that she was removed from service following such disclosures, and that the disclosures were a contributing factor in the removal action. Before us is whether the board's decision that the agency met its burden of proving by clear and convincing evidence that it would have removed her even in the absence of her protected disclosures is correct, see Marano v. Department of Justice, 2 F.3d 1137, 1141 (Fed. Cir. 1993), and whether the penalty was within the tolerable limits of reasonableness.

After receiving evidence and live testimony that agency policy defines microbiology worksheets as medical records, the board concluded that the worksheets at issue are medical records, and that the agency proved the facts of the sustained charges. The board also concluded that the agency met its burden of proof because it demonstrated that it would have taken the removal action regardless of the protected disclosures due to the seriousness of her misconduct—altering, copying, and removing confidential medical records—compounded by incidents of previous misconduct that resulted in reprimands and disciplinary action, including making false statements about VA personnel, disrespectful conduct, and failing to comply with a request from her immediate supervisor. It also concluded that the agency officials involved were not motivated to retaliate against King for her protected disclosures.

Substantial evidence supports the board's conclusion that King violated agency policy when she (1) took the records to her home, thus removing the agency's property from its custody without authorization, and (2) added post-hoc critical documentation to the medical record a month after the patient's death occurred. She could have disclosed her first-hand knowledge regarding the alleged specimen mishandling and cover-up she perceived to OSC without altering, copying, removing to her home, and releasing confidential agency-owned medical records to OSC without following agency procedures for doing so. With respect to the removal penalty, the board balanced the relevant Douglas factors, including King's prior disciplinary history, the gravity of her misconduct, and its relation to the efficiency of the service and determined that the penalty of removal was within the tolerable limits of reasonableness. Because the

board applied the appropriate legal standards, and substantial evidence supports its conclusions, its decision must stand.